**Mel ADCOCK, dba Swingtime Productions, Inc., and Ad-Concepts, Inc., Appellant,**

v.

**Don COUSER, Appellee.**

No. 4803.

Court of Civil Appeals of Texas.

Waco.

May 15, 1969.

Huffman, Rutherford & Wolff, Brock Huffman, San Antonio, for appellant.

Brown, Daniels & Davila, A. Marshall Coe, San Antonio, for appellee.

## OPINION

HALL, Justice.

In this jury trial, appellee sought to recover the unpaid balance of an alleged $3000.00 loan made by him to appellant. After both parties closed their evidence, the trial court granted appellee's motion for an instructed verdict.

In her first two points, appellant contends that there is probative evidence that she and appellee entered into a partnership called "Swingtime Productions, Inc.," and that the $3000.00 was not a loan but was appellee's contribution to the partnership.

On March 4, 1966, appellee and his wife borrowed the amount in question from Alamo Savings and Loan Association, pledging their savings as collateral, and agreed to repay the loan in monthly installments of $99.00 each. When appellant received the money from appellee, she gave appellee the following letter:

"March 4, 1966.

"Mr. & Mrs. Don Couser
San Antonio, Texas

"Re: $3000.00 loan to Swingtime Productions, Inc.

"Swingtime Productions, Inc. will pay the monthly payments of $99.00 to Ala-

mo Savings and Loan on the 20th of each and every month, commencing April 20, 1966.

"Swingtime Productions, Inc., will assume all responsibility and liability for said loan, including insurance, interest, et al.

"Swingtime Productions, Inc. exercises the option to pay off this entire loan prior to the time the loan expires.

"Ad-Concepts, Inc., and/or Couser-Adcock Advertising, in the event that Swingtime Productions, Inc. is unable to make the monthly payments on said loan, will assume full responsibility for payment of said loan.

"SWINGTIME PRODUCTIONS, Inc.
AD-CONCEPTS, INC.

/s/ Mel Adcock
By Mel Adcock."

The record shows without dispute that "Couser-Adcock Advertising," referred to in the letter, never existed and was a contemplated eventual successor to Ad-Concepts, Inc.

Appellant testified that she executed the letter to assure appellee's wife that the money would be repaid; that when she gave the letter to appellee she intended to comply with its terms and that appellee did not know she would not do so.

Appellant made 14 of the monthly payments called for in the letter. Nine of the payments were made after appellee was no longer associated with Swingtime Productions, Inc., and five were made after appellee and appellant had no business relationship whatsoever. Other than being financially unable to do so, appellant's stated reasons for not continuing with the payments were frivolous.

Appellant testified that she was sole owner of Swingtime Productions, Inc., and Ad-Concepts, Inc., prior to and on March 4, 1966. Neither business has ever been incorporated. On May 16, 1966, appellant filed an assumed name certificate in which

she acknowledged that she was sole owner of Swingtime Productions, Inc. She testified that, at the time of trial, she was sole owner of Ad-Concepts, Inc. and Swingtime Productions, Inc. She further testified that she and appellee were not partners in Swingtime Productions, Inc., during their association, but that they had discussed forming a corporation.

We have carefully reviewed the record. Appellant effectually admitted the essential elements of appellee's cause of action. At best, considered most favorably toward appellant's position the evidence raises no more than a surmise or suspicion of her contentions. From the evidence, reasonable minds could only conclude that the transaction in question was a loan to appellant as appellee contends. Under these circumstances, the instructed verdict was correctly given. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059, 1063 (1898); Rounsaville v. Bullard, 154 Tex. 260, 276 S.W.2d 791, 794 (1955).

In her third point, appellant complains of an alleged failure of the trial court to grant her attorney a reasonable opportunity to present objections to its charge to the jury instructing the verdict. Appellant did not file a motion for new trial; therefore, this complaint is not properly before us for consideration.

Under the provisions of Rule 324, Texas Rules of Civil Procedure, appellant was not required to file a motion for new trial as a prerequisite to her right to complain on appeal of the action of the trial court in giving the instructed verdict. However, to preserve other error committed on the trial, such as that of which she complains in her third point of error, for appellate review, appellant was required to first present it to the trial court as an assignment of error in a motion for new trial. Miller v. Miller, 274, S.W.2d 762, 763–764 (Tex.Civ.App.1954, writ ref.); Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887, 890 (1960).

The judgment is affirmed.