**Carson H. HOGE, Appellant,**

**v.**

**Reyes S. LOPEZ, Appellee.**

**No. 14400.**

Court of Civil Appeals of Texas.

San Antonio.

Oct. 13, 1965.

Emilio F. Gutierrez, Rio Grande City, for appellant.

Pope & Pope, Rio Grande City, for appellee.

BARROW, Justice.

Appellant appeals from an $870.00 judgment rendered against him after a non-jury trial of appellee's suit to recover the value of a windmill, a pumpjack and some pipe removed from a water well drilled on appellee's land during the term of a grazing lease executed by appellee, lessor, to appellant, lessee.

Appellant asserts that there is no evidence to show that this property was removed by appellant or anyone acting for him. By counter-point appellee urges that appellant did not properly perfect this assignment of error, in that appellant elected to file a motion for new trial after this non-jury trial and did not raise this error in his motion.

Rule 374, Texas Rules of Civil Procedure, provides, substantially, that the motion for new trial, when *required* to be filed under these rules, shall constitute the assignments of error, and any error not distinctly set forth where a motion for new trial is *required* is waived. It is settled that although a motion for new trial is not necessary to perfect an appeal from a non-jury trial, such a motion *may* be filed. Rule 323, T.R.C.P.; Park v. Essa Texas Corp., 158 Tex. 269, 311 S.W.2d 228. Although there is some authority to the contrary,[1] it is our opinion that where a motion for new trial is filed after a non-jury trial, appellant is not restricted to those assignments of error urged in said motion for new trial. Neely v. Tarrant County, 132 Tex. 357, 124 S.W.2d 101; Glasgow v. Hurley, Tex.Civ.App., 333 S.W.2d 658, no wr. hist.; Hughes v. Grogan-Lamm Lumber Co., Tex.Civ.App., 331 S.W.2d 799, wr. ref. n. r. e.; Carborundum Co. v. Keese, Tex.Civ.App., 313 S.W.2d 332, wr. ref. n. r. e.; State v. Clement, Tex.Civ.App., 252 S.W.2d 587. no wr. hist.

In Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960), the Supreme Court, in an analagous situation,[2] held that a party

1. Williams v. Brown, Tex.Civ.App., 362 S.W.2d 177, no wr. hist.; Burnett v. Meletio, Tex.Civ.App., 351 S.W.2d 912, wr. ref. n. r. e.

2. At the time of this holding, Rule 324, T.R.C.P., provided in part that a motion for new trial was not required as a prerequisite to appeal where a judgment was rendered, or denied, non obstante veredicto; nor was a motion for new trial required in a non-jury case. The 1962 amendment clarified Rule 324 and restated it in accordance with the above construction by the Supreme Court.

who elected to file a motion for new trial after the denial of his motion for judgment non obstante veredicto was not required under Rule 324, T.R.C.P., to incorporate in said motion for new trial his assignments complaining of the overruling of the motion for judgment non obstante veredicto. The Court thereby held that where a motion for new trial is not required under this rule in order to assert a particular error, a party's failure to incorporate such error in his motion for new trial did not constitute a waiver of same. Here appellant was not required to file a motion for new trial following this non-jury trial and therefore is not restricted to the errors raised in said motion.

On April 1, 1959, appellant leased from appellee by written agreement 640 acres of land in Starr County, Texas, for a term of five years. This agreement expressly authorized appellant to construct at his own expense such fences, stock tanks, corrals, or other improvements incidental to the conduct of livestock operations. The lease agreement made no provision for removal or ownership of these improvements upon termination of the lease.

During the term of this lease, some unidentified person drilled a water well on the leased land and equipped same with the windmill, pumpjack and pipe sued on herein. About three days before appellant's lease expired, this property was removed by Isauro Flores, nephew of appellee. There is no evidence showing any connection between Flores and appellant. Appellant sought to introduce evidence to identify Flores and his connection with this property, but this evidence was excluded by the trial court upon objection of appellee.

The judgment of the trial court is apparently based upon the erroneous proposition that appellant, as lessee of the land, was the insurer of all property placed thereon. Appellee urges that he was required to show only that the property involved was placed on his land and removed during the term of appellant's lease. It is seen that there is no provision in the lease agreement making appellant an insurer of all property placed on the land. Cf. Whitworth Estate v. Mangels of Texas, Tex. Civ.App., 363 S.W.2d 851, no wr. hist.

■ In the absence of such an agreement between the parties, lessor is required to show that the property was removed by lessee or someone acting in his behalf. Fisher v. Temco Aircraft Corp., Tex.Civ.App., 324 S.W.2d 571, no wr. hist.; Austin Road Co. v. Boston, Tex.Civ.App., 292 S.W.2d 373, wr. ref. n. r. e.; Orr v. Vandygriff, Tex.Civ.App., 251 S.W.2d 573, no wr. hist.

■ There is no evidence in this record to show that Flores was acting for appellant when the property was removed from appellee's land. Appellee therefore failed to make out a prima facie case against appellant so as to entitle appellee to recover the value of this removed property. It is obvious from the record that the case was not fully developed and in the interest of justice should be remanded for a new trial.

The judgment of the trial court is here reversed and the cause remanded for a new trial.