William Albert PEARCE, Appellant,

v.

Floyd M. CROSS, Appellee.

No. 16710.

Court of Civil Appeals of Texas.

Fort Worth.

March 4, 1966.

Rehearing Denied March 25, 1966.

Garrett & Garrett and Rufus S. Garrett, Jr., Fort Worth, for appellant.

Brown, Day & Crowley, and M. Hendricks Brown, Fort Worth, for appellee.

MASSEY, Chief Justice.

In the lower courts appellee Floyd M. Cross sought to set aside a will which was executed on September 1, 1961 by Testatrix Effie Ferguson, now deceased, and to reinstate an earlier will dated July 27, 1961. Gravamen of the suit was the allegation of undue influence exerted upon said testatrix in the execution of the later will. The person alleged to have exerted the undue influence was a Mrs. Della Pearce, testatrix' sister, mother and grandmother of those who were heirs to testatrix' estate.

Judgments in both the Probate Court of Tarrant County and the District Court were for appellee Cross. William Albert Pearce, proponent of the disputed will, is the appellant in the case before this appellate court.

█ Appellee Cross attacks propriety of points of error presented by appellant in which complaint is made because the trial court overruled the Motion for Judgment *non obstante veredicto*, on the ground that the Motion for New Trial made no reference thereto in a case where (because of the nature of other complaints) a motion for new trial was a necessary predicate for appeal. The contention is without merit. As applied to the conditions and instances mentioned in Texas Rules of Civil Procedure 324, "Prerequisites of Appeal", where an appeal may be taken without the necessity of filing a motion for new trial, it is not essential that the motion for new trial, if filed, make mention thereof. If an appeal is perfected the complaining appellant is at liberty to found point or points of error thereon despite the fact no mention or complaint thereof was made in his Motion for New Trial. For example: the appellant may advance a point of error in his brief because a *judgment non obstante veredicto* was given or refused though a Motion for New Trial he filed in the trial court makes no reference thereto. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960); T.R.C.P. 418, "Briefs: Contents".

█ Appellant's Motion for New Trial read as follows: "1. The verdict of the jury is contrary to the evidence. 2. The judgment entered herein is contrary to the law and the evidence. 3. Numerous errors in admission of evidence were made at the time of trial." As applied to points of error founded thereon, such will not be considered by this appellate court. The trial court has not, perforce examination of such a motion for new trial, been afforded the first full and fair opportunity to correct errors, if any, pointed out in the motion. The assignments of error are in nebulous and indefinite form and insufficient upon which to found points of error. This is fully discussed in Wagner v. Foster, supra, at page 890 of the Southwestern Reporter under syllabus (3). See also Texas Digest, Appeal and Error, █

As the result, appellant is in this case confined to his Point of Error No. 1 in which he complains because the trial court overruled his Motion for Judgment *non obstante veredicto*. Therein he contended that there was no evidence of probative force which would support the jury's finding that the making and execution of the will of September 1, 1961 was procured by undue influence.

■ The appellant's second point is construable only as advancing a contention that the jury's finding of undue influence was contrary to the greater weight of the evidence in the case, a matter to be presented by motion for new trial. Since it was not therein presented, the point will not be considered.

We proceed to determine the question of whether there was evidence of probative force which entitled the trial court to submit the issue of undue influence to the jury and which will support the jury's finding that undue influence had been exerted upon the testatrix.

An attorney by the name of Jackson prepared the will in question. Essentially it is noted that the only material paragraphs in the will of September 1, 1961 were those which changed provisions of an earlier will of July 27, 1961 (the will admitted to probate) so that a life estate granted appellee Cross in the home occupied by him and the testatrix was eliminated and a bequest of $1,000.00 was substantially reduced. As applied to dates earlier than September 1, 1961, there was evidence only of the relationships of the parties, and no evidence which spoke of influence being exerted upon the testatrix. Principally, the evidence bearing upon the cause and occasion for the execution of the will in September related to subsequent statements made by the testatrix to the attorney who handled the matter and to other persons.

■ The testatrix spoke to the attorney a few weeks after the will had been changed on September 1, 1961. She told him that she wished to make a third will so that she could leave the life estate in the property to her son-in-law, appellee Cross. Concerning the reason she had executed the will of September 1, 1961 (changing the will made earlier in the year) testatrix at first stated that "she was grieving, upset still about her daughter, Jewell, dying and that Della (the party who exerted the undue influence) had just been riding her so that she decided to do it; * * *." In reply to the attorney's repeated question: "Gosh, just why did you do it?" she replied, "Well, Della made me."

This evidence from attorney Jackson was admissible and amounted to competent evidence of probative force. 61 Tex.Jur.2d 681, "Witnesses", § 114 "—Communications during preparation of will or deed".

A Mrs. Leverett, who was staying with testatrix at time of the will of September 1, 1961, testified that after testatrix returned to the house she stated: "* * * Della took me down and had me to just make another will and completely willed Floyd out of my property, my home and everything * * * I feel awful bad about it."

■ There was other evidence which will not be described. We hold the above sufficient to raise the issue of undue influence. Although all the evidence which was adduced on the point were declarations of the testatrix after the fact of execution of the new will, we consider such competent to prove the existence of undue influence inducing testatrix' act, and also her state of mind at the time.

Appellee's proof in the trial court met the tests discussed by the Supreme Court in Long v. Long, 133 Tex. 96, 125 S.W.2d 1034 (1939) and in Rothermel v. Duncan, Tex.Civ.App., 369 S.W.2d 917 (1963). See also this court's consideration of a similar question in Winn v. Daniel, Tex.Civ.App., 386 S.W.2d 293 (1965, writ ref., n. r. e.).

The judgment is affirmed.