**Georgia Maxine WIMBERLY, Appellant,**

**v.**

**Hubert L. WIMBERLY, Appellee.**

**No. 17490.**

Court of Civil Appeals of Texas, Dallas.

June 19, 1970.

Rehearing Denied July 10, 1970.

Charles J. Winikates, Cooper & Winikates, Dallas, for appellant.

Robert E. White, Bailey, Neathery, White & Cassell, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

Divorce action. Hubert L. Wimberly brought this action against his wife, Georgia Maxine Wimberly, seeking a divorce and division of community property. Mrs. Wimberly answered and filed her cross-action in which she also sought a decree of

divorce from her husband and division of the community property. Both parties charged the other with acts of cruelty and harsh treatment such as to render their further living together insupportable. In addition, Mrs. Wimberly charged her husband with adultery. The case was tried before a jury and in answer to Special Issues Nos. 1 and 2 it was found that Mrs. Wimberly had been guilty of excesses, cruel treatment, or outrages, which were of such a nature as to render their further living together as husband and wife insupportable. In answer to Special Issues 3 and 4 the jury also found that Hubert L. Wimberly had been guilty of excesses, cruel treatment and outrages, which were of such a nature as to render the further marriage relationship between the parties insupportable. In answer to Special Issue No. 5 the jury found that Hubert L. Wimberly was not guilty of adultery.

Hubert L. Wimberly filed his motion for judgment *non obstante veredicto* in which he asked the court to set aside and disregard the answers of the jury to Special Issues Nos. 3 and 4 on the grounds that there was no evidence of cruel treatment on his part to justify the answer of the jury to said special issues. The court granted the motion and proceeded to enter judgment of divorce in favor of Hubert L. Wimberly and against Georgia Maxine Wimberly. The court also decreed division of the community property.

Seeking reversal of this judgment appellant contends, in her primary point of error, that the trial court erred in sustaining appellee's motion for judgment *non obstante veredicto* and thereby setting aside and disregarding the jury's answers to Special Issues 3 and 4. We agree with appellant that the court's action in this regard constitutes reversible error.

■ Rule 301, Vernon's Texas Rules of Civil Procedure, is the sole source of authority of a trial court to set aside and disregard a jury verdict or any special issue jury finding. This rule is specific in its requirement that before any special issue jury finding may be set aside and disregarded such finding must have no support in the evidence. Where the special issues were properly submitted and the answer of the jury thereto is supported by some evidence of probative force such findings may not be set aside or disregarded on motion *non obstante veredicto* under this rule. Reliance Electric & Engineering Co. v. Carrier-Houston Corp., 445 S.W.2d 48 (Tex.Civ.App., Houston 1969); Colom v. Vititow, 435 S.W.2d 187 (Tex.Civ.App., Houston 1968, writ ref'd n. r. e.). In deciding whether there is some evidence to support the jury's answer to the special issues the rule is well established that the appellate court must view the evidence in its most favorable light in support of the verdict. Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359 (1957).

■ We have examined this record and find ample evidence of probative force to support the jury's answers to Special Issues 3 and 4. It would serve no useful purpose to detail all of this evidence. It is sufficient to point out that there was some evidence that appellee was guilty of exerting physical violence upon appellant; that appellee had been "keeping company" with another woman; that appellee had made an effort to get his son to engage in illegal activity by delivering liquor into dry areas, and that appellee had changed the family residence over objection of appellant.

Appellee seeks to answer appellant's contention by taking the position (1) that the court really did not act upon his motion for judgment notwithstanding the verdict; (2) that the appellant has no point in her motion for new trial complaining of the action of the court in granting the judgment *non obstante veredicto*; and (3) that the trial court did nothing more than apply the doctrine of comparative rectitude.

We cannot agree with any of appellee's contentions. The judgment of the trial court expressly states that the court sus-

tained appellee's motion for judgment and the record reveals that the only motion filed by appellee was the motion for judgment *non obstante veredicto*. The judgment also recites that the court disregarded the answers of the jury to Special Issues 3 and 4. Absent a proper motion the court had no authority to do so. International Business Machines Corp. v. Pearsall, 422 S.W.2d 797 (Tex.Civ.App., Dallas 1967, writ ref'd n. r. e.). While it is true that appellant had no assignment in her motion for new trial complaining of the action of the court in sustaining the motion for judgment *non obstante veredicto* such was not necessary as a prerequisite for appeal. Rule 324, T.R.C.P., expressly provides that a motion for new trial is not a prerequisite to the right of one to complain or appeal the action of the court in rendering judgment *non obstante veredicto*. See also Pearce v. Cross, 400 S.W.2d 622 (Tex.Civ. App., Fort Worth 1966, affirmed Tex., 414 S.W.2d 457). As to the application of the doctrine of comparative rectitude we find nothing in the record which would indicate that the court actually applied such doctrine. In fact, the action on the part of the trial court in setting aside the jury's answers to Special Issues 3 and 4 would completely eliminate the possibility of the application of the doctrine of comparative rectitude.

The remaining points advanced by appellant relate to the contention of inequitable division of the community property between the parties. In view of our action in sustaining appellant's first point of error we are of the opinion that it is not necessary that we pass upon these points since the case will have to be reversed and remanded for a new trial. Obviously the judgment of the trial court making disposition of the community property was done in the light of the trial court's action in disregarding entirely the jury's finding that the husband had also been guilty of acts which rendered the marriage relationship insupportable. Had the jury verdict, as returned, been allowed to stand it is en-

tirely possible that the trial court, in the exercise of his discretion, may have arrived at a different opinion concerning division of the property.

The judgment of the trial court is reversed and the case remanded for a new trial.