**B & B VENDING COMPANY, Appellant,**

v.

**Frank T. CARPENTER, Appellee.**

No. 5049.

Court of Civil Appeals of Texas, Waco.

Sept. 16, 1971.

Rehearing Denied Nov. 4, 1971.

Biggers, Baker, Lloyd, Stephenson, Biggers & Beasley (G. Randle Earle, Jr.), Dallas, for appellant.

Strasburger, Price, Kelton, Martin & Unis (Mike Joplin), Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant B & B from judgment for plaintiff Carpenter for $2937.02, in a suit on a lease.

Carpenter by written lease let premises to John and Maxine Poteet. B & B succeeded to such lease agreeing to "perform each and every covenant" in such lease. The lease provided " * * * Tenant shall keep the building and other improvements located on the demised premises in good condition and make all necessary repairs * * * (including any necessary replacements) * * * to all * * * plumbing work * * * air conditioning equipment and cooling tower and the interior of the building generally * * *. At the end or other termination of this lease, Tenant shall deliver up the leased premises with all improvements located thereon * * * in good repair and condition, reasonable wear and tear and damage by fire, tornado, or other casualty only excepted."

Plaintiff plead defendant failed to deliver the premises in good condition; that there was damage to the air conditioning system in the sum of $1943.31, the electrical system in the sum of $85., and to the plumbing system in the sum of $158.71; that plaintiff repaired the premises at the expense enumerated; and plead for such damages plus reasonable attorneys fees.

Defendant answered by general denial, and plead that no damages had been suffered by the premises by action of the defendant.

Trial was to the court without a jury, which after hearing rendered judgment for plaintiff for $2187.02, plus $750. attorneys fees.

The trial court filed Findings of Fact and Conclusions of Law summarized as follows:

## FINDINGS OF FACT

1), 2) Plaintiff leased to Poteet, which lease was succeeded in by defendant.

3) When the premises were leased there was an air conditioning unit on the premises comparable to the unit plaintiff later replaced.

4) The unit originally on the premises was in good working order and provided adequate air conditioning for the premises.

5) At termination of the lease no air conditioning unit was present on the premises.

6) The reasonable and necessary cost of replacing the air conditioning unit was $1943.31, which was paid by plaintiff.

7) Plaintiff prior to replacing such unit called on defendant to do so.

8) At the beginning of the lease the electrical and plumbing systems were in good condition, but at termination they were damaged above normal wear and the reasonable and necessary cost of replacing same was $243.71.

12) Necessary reasonable attorneys fees for plaintiff is $750., which defendant is liable for under the terms of the lease.

## CONCLUSIONS OF LAW

1) This case is contractual in nature and the written instruments introduced in evidence control.

2) Under the terms of the controlling instruments defendant is liable to plaintiff for $2937.02.

Defendant appeals on 9 points contending among other things the trial court

erred in finding plaintiff entitled to recover any damages for replacement of the air conditioning unit.

The record reflects that when the premises were leased there was an adequate air conditioning unit thereon. The building was vacant the last several months of defendant's lease. Defendant surrendered the premises to plaintiff terminating the lease on March 31, 1969, and plaintiff leased to a Mrs. Howell who took possession. On April 9 or 10 Mrs. Howell called plaintiff that the air conditioning unit was missing. The witness Briggs, an air conditioning installer, testified that on April 15 or 16, 1969, he inspected the rooftop of the building where the air conditioner had been; that the copper pipe connecting had been sawed and was oxidized; and that his opinion was the unit had been removed for about two months.

Plaintiff testified he did not know when the air conditioner was removed; that he bought the building 6 or 7 years prior and "as far as he knew" the air conditioner was free and clear of any lien, and "he assumed it was free and clear".

The record reflects a security agreement on an air conditioning unit at the address of plaintiff's property executed by a "Floyd Poteet" in favor of Ace Air Conditioning, and "Signed to B & B".

Defendant's manager Logsden testified B & B had a security interest in the air conditioning unit, which evidence was excluded by the trial court. Logsden further testified he had no knowledge of what happened to the air conditioner; that he didn't know whether it was on the premises until the end of March or not; that he did not know who removed it; that it was not removed by B & B; that he would have known if anyone from B & B removed it.

Defendant's obligation under the lease was to make necessary repairs and replacements to the air conditioning unit, and at termination of the lease deliver up the premises with improvements thereon "rea-

sonable wear and tear and damage by fire, tornado or other casualty only excepted".

Both parties state in their briefs the covenant "to repair" and "to deliver up" are essentially the same; and damage by fire, tornado or other casualty are excepted from defendant's obligation.

Black Law Dictionary, 4th Edition defines "casualty" among other definitions as "event due to unexpected or unusual cause; event not to be forseen".

Neither plaintiff nor defendant removed the air conditioning unit, and neither has knowledge of what happened to it. It may be speculated that third parties with security interest removed it, or that it was stolen by third parties. In any event its disappearance we think may be said to be from "other casualty" thus relieving defendant from liability.

No provision of the lease makes defendant an insurer of the air conditioner. See Hoge v. Lopez, Tex.Civ.App., NWH, 394 S.W.2d 816. And our courts do not favor a construction which would make a lessee an insurer under "repair" and "deliver up in good condition" covenants in a lease. Moreover the liability of a lessee will not be enlarged nor extended beyond the clear meaning of the language the parties used in writing covenants in the lease. Howeth v. Anderson, 25 Tex. 557; Miller Billups Co. v. Morris, 55 Tex. 412; Fisher v. Temco Aircraft Corp., Tex.Civ.App., NWH 324 S.W.2d 571; Orr v. Vandygriff, Tex. Civ.App., NWH, 251 S.W.2d 573.

We sustain defendant's contention. Plaintiff to establish his asserted right of recovery must show a breach of the covenants of the lease. Under the record here, we think he has not conclusively shown such, that the case is not fully developed, and that the interest of justice requires a remand.

In view of our disposition we do not pass on defendant's other contentions.

Reversed and remanded.