**Mrs. O. E. WHITE, Appellant,**

v.

**AETNA FIRE UNDERWRITERS INSURANCE COMPANY, Appellee.**

**No. 4656.**

Court of Civil Appeals of Texas, Eastland.

Dec. 14, 1973.

Wilber T. Knape, Bedford, for appellant.

Robert M. Greenberg, Stanfield & Greenberg, Dallas, for appellee.

McCLOUD, Chief Justice.

This is a suit on an insurance policy by plaintiff, Mrs. O. E. White, against de-

fendant, Aetna Fire Underwriters Insurance Company, to recover damages allegedly resulting from hail and windstorm. The case was tried before a jury. When plaintiff rested the court granted defendant's motion for an instructed verdict. Plaintiff has appealed. We affirm.

The evidence conclusively establishes that plaintiff failed to file a proof of loss as required by the policy. In a sworn pleading filed prior to trial, defendant properly alleged that no proof of loss had been filed and thus an express condition precedent to liability had not been complied with. During the trial plaintiff attempted to file a trial amendment alleging that defendant had waived the policy provision requiring a proof of loss. The trial court refused to permit the trial amendment.

The thrust of plaintiff's argument is that the trial court abused his discretion in not permitting the trial amendment to be filed. We do not reach the issue because plaintiff has not properly preserved the alleged error.

Plaintiff filed an amended motion for new trial, but at no place in her motion does she properly complain of the trial court's failure to permit her to file a trial amendment. Plaintiff argues that she was not required to file a motion for new trial nor include in a motion voluntarily filed, an assignment that the trial court erred in not permitting the filing of the trial amendment. We disagree.

Rule 324, Texas Rules of Civil Procedure, provides that a motion for new trial or an assignment therein shall not be a prerequisite to the right to complain on appeal of the action of the court in granting a peremptory instruction. The filing of a motion for new trial was not necessary for plaintiff to complain of the court's action in granting an instructed verdict, but as observed by the Court in Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960):

"It was not the purpose of that language to eliminate the necessity for complaining in a motion for new trial of other errors committed on the trial."

In the recent case of Jamison v. City of Pearland, 489 S.W.2d 636 (Tex.Civ.App. Houston (1st Dist.) 1973, writ ref. n.r.e.), the rule was stated as follows:

"Since appellants did not file a motion for new trial, they can only complain that the court erred in rendering judgment notwithstanding the verdict. The points raised in appellants' brief which are not related to the action of the court in granting the judgment non obstante veredicto cannot be considered. Points one, two, seven, eight and eleven complain of procedural matters and clearly are not related to such action of the court."

See also Queen Insurance Company of America v. Creacy, 456 S.W.2d 538 (Tex. Civ.App. San Antonio 1970, no writ).

The case of Hoge v. Lopez, 394 S.W.2d 816 (Tex.Civ.App. San Antonio 1965, no writ hist.), cited by plaintiff is distinguishable. In *Hoge* the Court was concerned with a nonjury case. Rule 324, T.R.C.P., provides specifically that a motion for new trial is not required in a nonjury case. Also, a party is not limited on appeal to the errors assigned in a motion for new trial voluntarily filed in a nonjury case. Boswell v. Handley, 397 S.W.2d 213 (Tex.Sup.1965). The instant case, however, is not a nonjury case.

Plaintiff's complaint that the trial court erred in not permitting her to file a trial amendment was a procedural matter and since such alleged error was not properly assigned in her amended motion for new trial, it cannot be considered on appeal.

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.