Amanda Alice SPILLMAN, Appellant,

v.

CITY OF DALLAS, Appellee.

No. 4875.

Court of Civil Appeals of Texas, Eastland.

March 11, 1976.

Rehearing Denied April 1, 1976.

William Andress, Jr., Dallas, for appellant.

N. Alex Bickley, City Atty., Dallas, for appellee.

McCLOUD, Chief Justice.

This is a condemnation case. The parties, Amanda Alice Spillman, condemnee, and City of Dallas, condemnor, stipulated the City had the right to condemn, and Spillman had the right to open and close. The condemned property consisted of approximately 12.84 acres which was to be used for laying out and enlarging the Greenbelt White Rock Creek Parkway. The property is adjacent to White Rock Creek and subject to flooding. Condemnee attempted to show that 9.4 acres could be "filled," and such reclaimed land used for commercial purposes. The Spillman tract was zoned "FPR75". Condemnee's appraisal witness testified that he was of the opinion the "R75" and the "flood plain designation", or "FP" could be changed and the property rezoned for commercial purposes. The witness was not permitted to give his opinion of the value of the property taken assuming the 9.4 acre tract was filled. The City objected to such testimony because the witness did not restrict the uses to which the property could be put under the "flood plain prefix" and there was no showing that the flood plain prefix would, or could be removed. The condemnee's appraiser then testified that, considering the tract with no fill, and appraised only as flood land, the value was 11.1 cents per square foot. The appraiser was not permitted to testify as to the value of certain properties which condemnee contended were comparable. The City's Flood Plain Zoning Ordinance was never introduced in evidence.

After condemnee rested, the City filed a motion requesting the court to instruct a verdict, or remove the case from the jury, and enter judgment that condemnee recover of and from the City, the sum of $62,274 as the fair market value of the tract in question. The City's motion asserted that the $62,274 figure constituted the only evidence presented by condemnee, which

was before the jury, as to the value of the land. The motion was granted.

Condemnee has appealed. We affirm.

Condemnee did not file a motion for new trial. All points of error relate to exclusion of evidence or matters other than the granting of the instructed verdict.

Rule 324, Texas Rules of Civil Procedure, provides in part:

"In all cases tried in the county or district court, where parties desire to appeal from a judgment of the trial court, a motion for new trial shall be filed as a prerequisite to appeal; provided that neither a motion for new trial nor an assignment therein shall be a prerequisite to the right to complain on appeal of the action of the court in giving a peremptory instruction, or in withdrawing the case from the jury and rendering judgment, or in rendering or refusing to render judgment non obstante veredicto or notwithstanding the finding of the jury on one or more special issues, or in overruling a motion for judgment on the verdict made by the party who becomes appellant; . . . ."

Where the court, in a jury case, grants an instructed verdict and an appeal is taken without filing a motion for new trial, the appellant is limited on appeal to a complaint that the court erred in granting the instructed verdict.

In *Wagner v. Foster,* 161 Tex. 333, 341 S.W.2d 887 (1960), the court said:

"The case was tried to a jury, and the first question to be decided is whether respondents-appellants were required by the Rules of Civil Procedure to file a motion for new trial and to preserve the error complained of . . . ."

"While trial court action denying a motion for judgment non obstante veredicto would seem, under the literal wording of Rule 324; to eliminate altogether the necessity for filing a motion for new trial as a prerequisite to appeal, except as to the matters designated in Rule 325, it was not so intended and it has not been and should not be so construed . . . . The

purpose of the quoted provision of Rule 324 as it relates to a party whose motion non obstante veredicto is denied is to authorize appeal on the grounds stated in the motion without the necessity of incorporating the grounds in a motion for new trial. *It was not the purpose of that language to eliminate the necessity for complaining in a motion for new trial of other errors committed on the trial.* A party whose motion for judgment non obstante veredicto is denied may forego the filing of a motion for new trial and predicate his points of error on appeal on the matters included in such motion. *If he follows that course, he may complain on appeal only of the denial of the motion non obstante veredicto . . ."* (emphasis added)

In *Goldring v. Goldring,* 523 S.W.2d 749 (Tex.Civ.App.–Fort Worth 1975, writ dism'd.), the court withdrew the case from the jury and rendered judgment as a matter of law. Regarding the necessity of a motion for new trial, the court said:

"Appellants in their 17th, 18th and 20th points of error complain of rulings of the trial court in either admitting or excluding evidence.

We overrule all three of those points of error because none of the rulings therein complained of were assigned as error in a motion for new trial. Complaints of the action of a court in ruling on the admission or exclusion of evidence are waived when not based on a specific assignment of error in a motion for new trial. *Prewitt v. Liberty Mutual Insurance Company,* supra."

The court in *Jamison v. City of Pearland,* 489 S.W.2d 636 (Tex.Civ.App.–Houston (1st Dist.) 1972, writ ref. n. r. e.), said:

"Since appellants did not file a motion for new trial, they can only complain that the court erred in rendering judgment notwithstanding the verdict. The points raised in appellants' brief which are not related to the action of the court in granting the judgment non obstante veredicto cannot be considered. Points one, two, seven, eight and eleven complain of

procedural matters and clearly are not related to such action of the court . . ."

See also: *White v. Aetna Fire Underwriters Insurance Co.,* 503 S.W.2d 653 (Tex.Civ. App.–Eastland 1973, no writ); *Queen Insurance Company of America v. Creacy,* 456 S.W.2d 538 (Tex.Civ.App.–San Antonio 1970, no writ); *Mitchell v. Porter,* 349 S.W.2d 785 (Tex.Civ.App.–Houston 1961, writ ref. n. r. e.); *Miller v. Miller,* 274 S.W.2d 762 (Tex.Civ.App.–San Antonio 1954, writ ref'd.); *Adcock v. Couser,* 442 S.W.2d 490 (Tex.Civ.App.–Waco 1969, no writ).

Condemnee's points of error were not properly perfected in a motion for new trial. They are overruled. Judgment of the trial court is affirmed.