DENNIS S. WAGNER V. CHARLES H. FOSTER ET AL.

No. A-7989. Decided December 14, 1960.
(341 S.W. 2d Series 887)

334

*Edwards, Belk, Hunter and Kerr* and *Eugene T. Edwards,* all of El Paso, for petitioner.

*Mayfield, Broaddus, Goodman and MacAyeal* and *Ellis O. Mayfield,* of El Paso, for respondents.

PER CURIAM.

The opinion of the Court of Civil Appeals is reported in 337 S.W. 2d 485.

■ The judgment of the Court of Civil Appeals is reversed and the case is remanded to that court for further proceedings. This action is taken pursuant to that part of Rule 483, Texas Rules of Civil Procedure, which reads as follows: "In cases where the decision of the Court of Civil Appeals is in conflict with a previous opinion of the Supreme Court, the Supreme Court may, in its discretion, without the necessity of granting the writ and hearing the case, reverse the same on the application for writ of error, making, at the same time, such further orders as may be appropriate." We hold that the decision of the Court of Civil Appeals is in conflict with the opinions of this court in Ramsey v. Dunlop, 146 Texas 196, 205 S.W. 2d 979; Worden v. Worden, 148 Texas 356, 224 S.W. 2d 187, 190; City of Deer Park v. State, 154 Texas 174, 275 S.W. 2d 77, 85; Texas Company v. State, 154 Texas 494, 281 S.W. 2d, 83, 90; and McCauley v. Consolidated Underwriters, 157 Texas 475, 304 S.W. 2d 265.

Suit was for damages for breach, and for conspiracy to induce a breach of contract to pay commissions to a real estate broker. Based upon a jury verdict, judgment was rendered by the trial court for the petitioner-plaintiff. In their brief in the Court of Civil Appeals the respondents-defendants, appellants there, presented twenty-nine points of error. The Court of Civil Appeals noted only the first five of the points of error, each of which, if sustained, would have required that the judgment of the trial court be reversed and that judgment be rendered for the appellant. As we interpret the opinion of the Court of Civil Appeals, it considered and sustained only Points One, Two and Four, and upon sustaining thoses points reversed the judgment of the trial court and rendered judgment for the defendant.

Point One reads as follows:

"The court's fundamental error in refusing to enter judg-

ment for defendants, there being no proof that the property conveyed by Newster Company, Inc., to Dautrich Real Estate Company was the same property described in the listing."

As a basis for Point One respondents-appellants referred in their brief in the Court of Civil Appeals to paragraph 25 of their objections to the court's charge, paragraph 1 of their motion for instructed verdict, paragraph 8 of their motion for judgment non obstante veredicto and paragraphs 1 and 2 of their motion for new trial.

The case was tried to a jury, and the first question to be decided is whether respondents-appellants were required by the Rules of Civil Procedure to file a motion for new trial and to preserve the error complained of in Point One in that motion. Rule 324 provides:

"In all cases tried in the county or district court, where parties desire to appeal from a judgment of the trial court, a motion for new trial shall be filed as a prerequisite to appeal; provided that it shall not be so prerequisite where * * * a judgment is rendered, or denied, non obstante veredicto or notwithstanding the finding of the jury on one or more special issues * * *."

Rule 325 designates certain matters, not pertinent here, which must be complained of in a motion for new trial notwithstanding the provisions of Rule 324.

■ While trial court action denying a motion for judgment non obstante veredicto would seem, under the literal wording of Rule 324, to eliminate altogether the necessity for filing a motion for new trial as a prerequisite to appeal, except as to the matters designated in Rule 325, it was not so intended and it has not been and should not be so construed. Miller v. Miller, Texas Civ. App., 274 S.W. 2d 762, 763-764, writ refused; Fenley v. Ogletree, Texas Civ. App., 277 S.W. 2d 135, 140, writ refused, n.r.e.; City of San Antonio v. Gonzales, Texas Civ. App., 304 S.W. 2d 429, writ refused, n.r.e.; Tindall v. Tacconelly, Texas Civ. App., 328 S.W. 2d 909, 910-911, writ refused, n.r.e. The purpose of the quoted provision of Rule 324 as it relates to a party whose motion non obstante veredicto is denied is to authorize appeal on the grounds stated in the motion without the necessity of incorporating the grounds in a motion for new trial. It was not the purpose of that language to eliminate the necessity for complaining in a motion for new trial of other

errors committed on the trial. A party whose motion for judgment non obstante veredicto is denied may forego the filing of a motion for new trial and predicate his points of error on appeal on the matters included in such motion. If he follows that coruse, he may complain on appeal only of the denial of the motion non obstante veredicto. If he files a motion for new trial as a predicate for complaining of other errors, he need not incorporate in its assignments complaining of the over-ruling of his motion for judgment non obstante veredicto. With this construction of Rule 324 in mind we must determine whether the error complained of in Point One was preserved for appellate review.

■ Unless respondents-appellants' 25th objection to the court's charge, even if relevant to Point One, was made the basis of an assignment of error in their motion for new trial, it cannot be a predicate for the point. Only paragraph 2 of the motion for new trial purports to complain of errors in the court's charge. It reads as follows:

"2. Because of the error of the Court in the manner and terms by which the issues were submitted to the jury and the instructions thereon, all as set forth in the Defendants' Objections to the Court's Charge which are hereby adopted in full."

Rules 320, 321, 322 and 374 govern the form of assignments of error in motions for new trial which become the basis for points of error on appeal. Rule 320 provides that the motion "shall specify each ground on which it is founded, and no ground not specified shall be considered." Rule 321 requires that the assignments in the motion refer to the action of the court complained of "in such way as that the point of objection can be clearly identified and understood by the court." Rule 322 directs that "Grounds of objection couched in general terms * * * shall not be considered by the court." Rule 374 provides that "A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived." While Rule 1 states that the rules are to be given a liberal construction to the end that a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law may be obtained with expedition and dispatch and without unnecessary expense, Rule 320, 321, 322 and 374 were deliberately adopted to serve a useful purpose. There must be a substantial complance with the provisions of those rules if a litigant is to have his points of error based thereon considered by an appellate court.

■ Paragraph 2 of the motion for new trial is much too general to predicate Point One. It does not constitute a sufficient compliance with the rules to require, or even to justify, a consideration of the point. It does not refer to the action of the trial court "in such way as that the point of objection can be clearly identified and understood by the court," nor does it "distinctly set forth the ground of error." Such generality has been condemned by this court as not complying with Rule 418, Texas Rules of Civil Procedure, governing points of error. M-K-T Railroad Company v. McFerrin, 156 Texas 69, 291 S.W. 2d 931, 941. Neither does it comply with the rules noted above governing motions for new trial. Collins v. Smith ,142 Texas 36, 175 S.W. 2d 407, 409. An assignment of error in a motion for new trial which merely directs the trial judge to scan all of a party's objections to the charge of the court is legally insufficient to require or to justify consideration of a point of error based thereon. Even if the court could consider respondents-appellants' 25th objection to the court's charge, which it may not, the objection itself would be found to be much too general to predicate Point One. The objection reads: "The defendant objects to the submission of any issue for the reason that the plaintiff has not made out a case."

The only manner in which paragraph 1 of respondents-appellants' motion for instructed verdict is included in their motion for new trial is through a series of references or adoptions. In paragraph 1 of the motion for new trial "The defendants adopt fully all of the grounds and reasons stated above in their Motion for Judgment Notwithstanding the Verdict of the Jury and repeat the same as grounds for the granting of this Motion for New Trial." In the motion for judgment notwithstanding the verdict of the jury they adopt, in turn, "where applicable, * * * those grounds previously urged upon the Court as set out in their Motion for Instructed Verdict." For the reasons hereinabove stated paragraph 1 of the motion for new trial is too general to require or to justify consideration of paragraph 1 of the motion for instructed verdict as a basis for point of error No. One. Assignments of error in a motion for new trial which do no more than adopt from or refer in general terms to other motions, etc. do not "specify," or "distinctly set forth," or "clearly identify" a ground of error. Here, again, even if paragraph 1 of the motion for instructed verdict could be considered as a basis for Point One, which it cannot, it would be found to be much too general. The paragraph reads: "There is no evidence of any breach of contract on the part of any defendant."

Paragraphs 1 and 2 of the motion for new trial have been quoted. Both are too general to form a basis for Point One. As a basis for Point One there remains only the reference to paragraph 8 of the motion for judgment non obstante veredicto. Respondents-appellants were not required to incorporate in their motion for new trial an assignment of error based on paragraph 8 of the motion for judgment non obstante veredicto. We may look directly to that paragraph of the motion to determine whether it will support Point One. When we do so we find the paragraph reads as follows: "These defendants here adopt, where applicable, as grounds for this Motion, those grounds previously urged upon the Court as set out in their Motion for Instructed Verdict." The paragraph is too general to admit of consideration. It will not support Point One.

Respondents-appellants' Point Two reads:

"The court's fundamental error in refusing to enter judgment for defendants, since the listing was unenforceable because of the insufficient description of the real estate covered thereby."

■ In their brief in the Court of Civil Appeals, respondents-appellants indicated that Point Two was based upon paragraph 15 of their "motion for judgment" as shown at Page 24 of the transcript. An examination of the transcript reflects that the instrument to which reference was thus made is not a motion for judgment but is a motion for instructed verdict. A point of error cannot be based upon a motion for instructed verdict. To form the basis of a point of error, grounds in a motion for instructed verdict must be carried forward as assignments of error in a motion for new trial. An examination of the motion for new trial discloses no assignment of error which is relevant to Point Two.

Respondents-appellants' Point Four reads:

"The court's fundamental error in overruling defendants' motion for instructed verdict, there being no evidence of any breach of contract, hence no conspiracy and no damage."

In their brief in the Court of Civil Appeals respondents-appellants indicated that Point Four was based upon paragraph 1 of the motion for new trial. Paragraph 1 of that motion is quoted above. It is the paragraph which sought to incorporate in the motion for new trial "all of the grounds and reasons

stated above in their Motion for Judgment Notwithstanding the Verdict of the Jury." For the reasons above stated consideration of Point Four by the Court of Civil Appeals was not justified by the record.

■ In each of the points considered and sustained by the Court of Civil Appeals the respondents-appellants referred to the error of the court as "fundamental error." The opinion of the Court of Civil Appeals noted that fact. The mere fact that the points of error referred to various errors as "fundamental error" would not, of course, prevent consideration of the points by the Court of Civil Appeals if such points had a proper predicate in the motion for new trial or in the motion for judgment non obstante veredicto. However, inasmuch as there was no predicate for any of the points in either of those motions, there was no basis upon which they could have been considered and sustained by the Court of Civil Appeals unless they were considered by that court to present fundamental error. In other words, the "decision of the Court of Civil Appeals" sustaining the points must rest upon the basis of fundamental error. It is thus that that decision is in conflict with the opinions of this court in the cases above cited. None of the questions raised by the points of error falls within that narrow field which our opinions have delineated as the only field of fundamental error.

The judgment of the Court of Civil Appeals is reversed and the case is remanded to that court for consideration of such points of error in the appellants' brief as may be predicated upon proper assignments of error in their motion for new trial or their motion for judgment non obstante veredicto, or as may constitute fundamental error under the decisions of this court herein cited.

Opinion delivered December 14, 1960.