Shirley BRAKEFIELD et al., Appellants,

v.

George H. ANDERSON et al., Appellees.

No. 14592.

Court of Civil Appeals of Texas.

Houston.

Sept. 23, 1965.

Rehearing Denied Oct. 14, 1965.

Dollahon & de Ybarrondo, Willard E. Dollahon, Houston, for appellants.

James F. Warren, Houston, for appellee George H. Anderson.

Jack Harrison, Alvin, Raymond L. McDermott, Mabel Grey Howell, Houston, for appellees Bill Hue Romoser, Marvin Ellis and City of Pearland.

COLEMAN, Justice.

This is a suit for damages sustained in an automobile collision. Based on the answers made by the jury to special issues, the trial court entered a judgment for the plaintiffs.

The first assignment of error complains of the submission of certain special issues, which, it is contended, were not raised by the pleadings. Other issues clearly raised by the pleadings were submitted, and were answered by the jury in such manner as to impose liability on appellant. The error, if any, in submitting these issues would not require reversal of the case. Galveston, H. & S. A. Ry. Co. v. Wells, 121 Tex. 310, 50 S.W.2d 247; Panhandle & Santa Fe Railway Co. v. Walker, Tex.Civ.App.1963, 364 S.W.2d 433, writ ref., n.r.e.

The second point of error complains of thirty-nine of the special issues submitted to the jury because the findings had no support in the evidence, or there was insufficient evidence to support same, or the jury's findings thereto were so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. In the brief submitted to this Court appellant sets out generally what is termed "Appellant's Version of the Accident" followed by the names of the witnesses supporting this version with a reference to the pages in the statement of facts where the testimony of each witness can be found. Appellee's version of the accident is then set out and the court is referred to certain pages in the statement of facts where the

testimony of the witnesses supporting this version can be found.

■ An assignment of error was set out in the motion for new trial in substantially the same wording. This assignment is so general as to point out no specific error to the trial court. There was not substantial compliance with Rules 320, 321, 322 and 374, Texas Rules of Civil Procedure. As a result the point of error based thereon cannot be considered by this Court. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887; Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359.

While this point of error is general and multifarious, the argument under the point in appellant's brief appears to limit its scope to the question of preponderance of the evidence. In deference to able counsel for appellant, we have reviewed the statement of facts and find that the evidence properly supports the verdict of the jury.

The judgment of the trial court is affirmed.