**Henrietta GREEN, Appellant,**

**v.**

**Fred A. MAXWELL, Appellee.**

**No. 43.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Jan. 10, 1968.

Rehearing Denied Jan. 31, 1968.

J. Leonard Gotsdiner, Ranseler O. Wyatt, Houston, for appellant.

T. Turner Pope, Kamp, Laswell & Howard, Houston, for appellee.

SAM D. JOHNSON, Justice.

This suit was brought by the appellant, Henrietta Green, to set aside a deed of trust and the foreclosure of such deed of trust by the appellee, Fred A. Maxwell. The primary contention of the plaintiff, Green, at trial was that the defendant had not properly credited the full amount paid by her upon her account and that the note in question was usurious.

The jury found that the plaintiff had paid to the defendant $2,273.75, that the defendant had credited this amount in a certain manner as between principal, interest and late charges, and that upon the date the foreclosure was consummated, the plaintiff was $1,554.63 in arrears in her payments upon the note in question. The jury findings supported the judgment entered for the defendant, Fred A. Maxwell.

On appeal, the appellant-plaintiff here, enumerates four points of error, which are set forth in their entirety: first, the verdict of the jury and judgment of the court should be set aside because it is contrary to the overwhelming preponderance of the evidence; second, the verdict of the jury and judgment of the court should be set aside because it is contrary to the law; third, the court erred in refusing the special issues requested by the appellant; fourth, the court erred in denying appellant's motion for judgment non obstante veredicto.

We are of the opinion that numbers one, two and three do not properly set forth points of error that are appropriate for appellate consideration. We are familiar with the rule that if a point is sufficient to direct the court's attention to the matter complained of, the court will look to the point and the statement and argument thereunder to determine the question of reversible error. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, no writ history.

However, Rule 418(b), Texas Rules of Civil Procedure, provides that: "The brief for appellant should contain * * * a statement of the points upon which the appeal is predicated * * * germane to one or more assignments of error when assignments are required." Appellant's brief before this court makes no attempt to identify or point out those assignments of error in his motion for new trial to which his points of error are germane.

If appellant's first three points of error are germane to any assignments of error in the appellant's motion for new trial, they are, in any event, too general and fail to acquaint the court with the

points relied upon as required by the Texas Rules of Civil Procedure, Rules 321, 322 and 374.

Appellant's second point that, "The verdict of the jury and judgment of the court should be set aside because it is contrary to the law," is specifically prohibited by Rule 322, T.R.C.P. It provides, "Grounds of objections couched in general terms— as that the court erred in its charge, in sustaining or overruling exceptions to the pleadings, and in excluding or admitting evidence, the verdict of the jury is contrary to law, and the like—shall not be considered by the court."

Appellant's first and third points of error, that the judgment "should be set aside because it is contrary to the overwhelming preponderance of the evidence" and "the court erred in refusing the special issues requested by the appellant" are likewise complete generalities. In Bauguss v. Bauguss, 186 S.W.2d 384, ref., w. m., the court considered, among others, similar assignments copied from the motion for new trial that, "the answer of the jury to Special Issue No. 1 is against the weight and preponderance of the evidence" and, "the Court erred in failing and refusing to give their requested Special Issue No. 5 to the jury." The court there stated, "The assignments of error in question are of the same pattern as the grounds of objection condemned as too general for consideration by Rule 322, and are to be treated as waived under Rule 374." Bauguss v. Bauguss, supra, 387. See also Roeser v. Coffer, Tex. Civ.App., 98 S.W.2d 275, no writ history; Texas Life Ins. Co. v. Jordan, Tex.Civ. App., 253 S.W.2d 906, ref.; and Baker v. Sturgeon, Tex.Civ.App., 361 S.W.2d 610, no writ history.

While the first Rule provides for a liberal construction to the end that a "just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law" may be obtained, Rules 320, 321, 322 and 374 also

have a very real and useful purpose. "There must be a substantial compliance with the provisions of those rules if a litigant is to have his points of error based thereon considered by an appellate court." Wagner v. Foster, 161 Tex. 333, 341 S.W. 2d 887, 890.

The appellant's fourth point of error complains of the trial court's denial of the motion for judgment non obstante veredicto. Under Rule 324, T.R.C.P., appeal is authorized on the grounds stated in the motion for judgment non obstante veredicto without the necessity of incorporating the grounds in the motion for new trial. As stated in Wagner v. Foster, supra, "A party whose motion for judgment non obstante veredicto is denied may forego the filing of a motion for new trial and predicate his points of error on appeal on the matters included in such motion. If he follows that course, he may complain on appeal only of the denial of the motion non obstante veredicto."

In the case at bar, the plaintiff's motion for judgment notwithstanding the jury verdict, was presented to the trial court in the same instrument and as an alternative to her motion for a judgment based on the verdict of the jury. Looking to the portion designated as a motion notwithstanding the verdict, it is found that such motion is nothing more than a general allegation that the transaction made the basis of this action was of a usurious nature. This, in essence, was the issue tried in the trial court in which the jury findings favored the defendant. There was no motion filed in the trial court to disregard the findings of the jury. See Missouri Pac. R. Co. v. Ramirez, Tex.Civ.App., 326 S.W.2d 50, ref., n. r. e. In addition, viewing the record as a whole, we find that the verdict is supported by the evidence and the trial court's judgment is fully supported by evidence of probative force.

Finding no reversible error, the judgment of the trial court is affirmed.