**George WILLIS, Jr., Appellant,**

v.

**PREMIER INSURANCE COMPANY,**
**Appellee.**

**No. 17025.**

Court of Civil Appeals of Texas.

Fort Worth.

May 23, 1969.

Rehearing Denied June 27, 1969.

Glen L. Kirby, Silsbee, for appellant.

Harvey L. Davis and Lancaster Smith, Dallas, for appellee.

OPINION

RENFRO, Justice.

Plaintiff-appellant George Willis, Jr., appealed from an order of dismissal entered by the District Court for Young County.

The transcript was filed in this court on December 20, 1968, and by letter of December 23 appellant was advised by the Chief Clerk that the case would be submitted on May 9, 1969.

Appellant's brief was due to be filed in this court by January 20, 1969 (the 30th day being a Sunday). Rule 414, Texas Rules of Civil Procedure. He did not file a brief within that period, nor ask for an extension of time.

■ On May 8, 1969, the day preceding submission date, appellant filed a motion for extension of time to file a brief. Good cause (Rule 414) as construed by the appellate courts, was not shown. 4 Tex.Jur. 2d 138, § 633. The motion for extension of time to file brief is therefore overruled.

■ Appellant, on May 8, also filed a motion for postponement of submission so he would have time to file a brief. The motion is overruled.

On submission day appellant appeared and argued orally there was fundamental error in that the trial court dismissed his case upon the verified motion of defendant alone, contrary to the facts.

The Rules of Civil Procedure make no provision for consideration of errors apparent on the face of the record. Supreme Court decisions show that the concept of fundamental error is much narrower than it was under the former practice. Many errors formerly treated as fundamental may not be so regarded now. McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265 (Tex.Sup., 1957).

The record shows that plaintiff filed a suit for workmen's compensation benefits in the District Court of Young County. Defendant, Premier Insurance Company, duly filed an answer thereto.

On July 29, 1968, defendant filed a motion requesting the court to dismiss plaintiff's case because a witness, Dr. Joe W. Dickerson, upon advice of plaintiff's counsel, wilfully failed to answer cross-interrogatories propounded to him. The defendant's motion was granted and an order dismissing plaintiff's cause of action was entered.

Plaintiff did not file an answer to the motion to dismiss, but did file motions for new trial in which he stated that Dr. Dickerson did answer the cross-interrogatories on July 24, and said answers were on file in Young County three days before date of trial.

No statement of facts was filed in this court. However, both the original transcript and a supplemental transcript contain depositions, a 21 page "Statement of Facts" from the District Court of Jasper County concerning a hearing pertaining to the cross-interrogatories, and many other matters which properly belong in a statement of facts.

We believe the evidence in the "transcripts" should be considered in the same light as if it were brought forward in a formal statement of facts, and we, therefore, are not required to read the more than two hundred pages of mixed transcript and statement of facts to search for evidence which might or might not reveal fundamental error.

Appellant could and should have brought forth his complaint in point or points of error properly briefed in compliance with Rules 414 and 418.

The decisions on fundamental error support our holding.

In Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979 (1947), it was held, "* * * an error which directly and adversely affects the interest of the public generally, as that interest is declared in the statutes or Constitution of this state, is a fundamental error," but, concluded the court, "* * * an appellate court will not go into the

statement of facts to examine and weigh the evidence in order to determine whether an error was committed, even though it may be claimed to be fundamental." Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683 (1951) holds: "If it requires an examination of the statement of facts to reveal error, then it is not fundamental error." See also Insurors Indemnity & Ins. Co. v. Associated Indem. Corp., 139 Tex. 286, 162 S.W.2d 666 (1942).

■ When an error is one of jurisdiction the appellate court may reverse for fundamental error. Wagner v. Warnasch, 156 Tex. 335, 295 S.W.2d 890 (1956).

The Supreme Court in State v. Sunland Supply Co., 404 S.W.2d 316 (1966) wrote, "As this Court stated in Wagner v. Foster (161 Tex. 333, 341 S.W.2d 887) * * * the field of fundamental error is a narrow one. That opinion held that it did not extend to lack of proof as to the identity of property, the sufficiency of the description of the property * * * or questions of 'no evidence' to support the judgment. (Emphasis added.) * * * Generally speaking, thus far, this Court has limited its holdings of fundamental error to important matters directly and adversely affecting the public, and to questions of the jurisdiction, particularly jurisdiction of the court over the subject matter of the litigation. See, in addition to the cases above cited, Wagner v. Warnasch, 156 Tex. 334, 295 S.W.2d 890 (1956); Kimbrough v. Walling (Tex.Sup.1963), 371 S.W.2d 691; and Texas Employment Commission v. International Union of Electrical, Radio & Machine Workers, 163 Tex. 135, 352 S.W. 2d 252 (1961)." The "cases above cited" were Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979 (1947); McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S. W.2d 265 (1957); Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960); St. Paul Fire & Marine Ins. Co. v. Murphree, 163 Tex. 534, 357 S.W.2d 744 (1962).

In 1968 the Supreme Court in Newman v. King, 433 S.W.2d 420, again held that, "The right of an appellate court to reverse a trial court judgment on unassigned error is limited to situations in which the error can properly be classified as 'fundamental error.'" In its opinion the court held further, "* * * errors occurring in the trial process have been consistently held not to be fundamental" error. Seven prior Supreme Court cases were cited as authority for the above statement.

■ It is clear that the Supreme Court has limited fundamental error, which can be considered by the appellate court without assignment of error, to situations where (1) the public interest is adversely affected, (2) the trial court was without jurisdiction of the subject matter, (3) the parties had no justiciable interest.

■ It is apparent from the pleadings that none of that "type" of error is apparent of record in the instant case. Only the rights of the plaintiff and defendant were involved. The public interest was not involved. The parties to the suit did have a justiciable interest. The court had jurisdiction of the subject matter.

■ Appellant's oral contention that the judgment entered is contrary to the facts does not present fundamental error. State v. Sunland Supply Co., supra; St. Paul Fire & Marine Ins. Co. v. Murphree, supra; Wagner v. Foster, supra.

Since the Supreme Court has not undertaken to give an all-inclusive definition of fundamental error we will not here attempt to do so; neither will we enlarge the narrow limits of fundamental error as presently defined by the Supreme Court.

The appeal is dismissed for want of prosecution. Rule 415. Appeal dismissed.