Paul DONALD, Appellant,

v.

FIRST STATE BANK OF CHICO,
Appellee.

No. 17062.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 14, 1969.

Jack Connell, Bowie, for appellant.

McDonald, Sanders, Wynn, Ginsburg, Phillips & Maddox, and Atwood McDonald, Fort Worth, for appellee.

OPINION

LANGDON, Justice.

The First State Bank of Chico instituted suit against Bill Wilson and Paul Donald on two notes signed by Bill Wilson and Paul Donald.

On the basis of the jury verdict judgment was rendered against Bill Wilson and Paul Donald jointly and severally in the total sum of $12,344.18. Only Paul Donald has appealed.

We affirm.

The appeal is based upon three points of error contending that the court erred in failing to submit Donald's defenses of (1) accommodation party or endorser (2) no consideration and (3) equitable estoppel.

Under these three points the appellant contends the court erred in failing to submit his requested issue No. 1 inquiring as to whether appellant was an accommodation party and instruction No. 2 defining such term. Under point 2 the complaint is the court's failure to submit requested special issue No. 5 inquiring as to whether plaintiff received any money or thing of value at the time he signed the note and the requested instruction on "value" accompanying said issue. Failure of the court to submit requested issue No. 6 and conditional issue No. 7 is the complaint under point of error No. 3.

The amended motion for new trial presents assignments of error in five numbered paragraphs.

The only assignment of error which can be considered even remotely germane to the three points of error presented on this appeal is, "The Court failed to submit defendant's defensive theories of the case," contained in paragraph II. The other paragraphs of the motion for new trial are sum-

marized as follows: I. "The verdict of the jury is contrary to the law and the evidence." In III and IV it is contended that the court should have found as a matter of law that Donald received no consideration for his execution of the note and that such fact was undisputed. The fifth and final paragraph read, "It is undisputed from the record that defendant Donald was an accommodation maker."

In Collins v. Smith, 142 Tex. 36, 175 S.W. 2d 407, 409 (1943), it was said, "Rule 320, Texas Rules of Civil Procedure, says that a motion for new trial shall 'Specify each ground on which it is founded, and no ground not specified shall be considered.' In that respect the rule is merely Art. 2232, R.S.1925, which, in substantially the same language, has been the law in Texas for many years. The word specify means 'to mention or name in a specific or explicit manner; to tell or state precisely or in detail.' Webster's New International Dictionary, 2d Ed. * * * Recent cases in point are Texas Indemnity Ins. Co. v. Warner, Tex.Civ.App., 159 S.W.2d 173, error refused want of merit, and Traders & General Ins. Co. v. May, Tex.Civ.App., 168 S.W.2d 267, error refused want of merit."

In Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887, 890 (1960) it was said that "Rules 320, 321, 322 and 374 govern the form of assignments of error in motions for new trial which become the basis for points of error on appeal. Rule 320 provides that the motion 'shall specify each ground on which it is founded, and no ground not specified shall be considered.' Rule 321 requires that the assignments in the motion refer to the action of the court complained of 'in such way as that the point of objection can be clearly identified and understood by the court.' Rule 322 directs that 'Grounds of objections couched in general terms * * * shall not be considered by the court.' Rule 374 provides that 'A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived.' While Rule 1 states

that the rules are to be given a liberal construction to the end that a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law may be obtained with expedition and dispatch and without unnecessary expense, Rules 320, 321, 322 and 374 were deliberately adopted to serve a useful purpose. There must be a substantial compliance with the provisions of those rules if a litigant is to have his points of error based thereon considered by an appellate court."

In Baker v. Sturgeon, 361 S.W.2d 610, 613 (Texarkana Civ.App., 1962, no writ hist.) it was held:

" * * * The assignment complains of the failure of the court to give all requested special issues, as well as each of them, but does not single out a specific issue and bring it to the court's attention. The points briefed are failure in two instances to give particular requested issues. Abandonment of the other five requested issues appears to be a concession that the request as to the abandoned issues was not meritorious. *The assignment cast upon the trial judge the task of sorting through the several requests to find which, if any, had merit.* The assignment is not in compliance with Rules 320, 321, 322, and 374; it did not clearly identify and particularize appellants' complaint in such manner that the trial judge, examining the motion, would understand the particular act of his that was said to constitute error. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887; Ice Service Co. v. Scruggs, Tex.Civ.App., 284 S.W.2d 185, N.R.E. Point overruled." (Emphasis supplied.)

In this case the motion for new trial contains no specific or explicit reference to special issues or to instructions which were tendered and refused. It omits any use of the term "Special Issues." It contains no references to equitable estoppel. If Paragraph II of the motion complaining that "The Court failed to submit defendant's defensive theories of the case" can be inter-

preted as a reference to the court's failure to submit certain special issues and instructions, it still must fall short of substantial compliance with the rules which require such complaint to be specific and explicit. The objections were not complained of in such a way as to be clearly identified and understood by the court. No specific issue or instruction was referred to. The complaints were too general. No ground of error was distinctly set out. This court is not required under the circumstances to consider them. Under Rule 374, supra, the grounds of error shall be considered as waived.

We have concluded that the appellant not only failed to lay the necessary predicate in the trial court for consideration by this court of his points of error, but he also failed to show that he would have been entitled to judgment if the requested issues and instructions had been submitted and answered favorably to him.

On the basis of the authorities cited the judgment of the trial court is affirmed.

Affirmed.