**BRENNAN'S OF DALLAS, INC., d/b/a Brennan's Restaurant, Appellant,**

v.

**Newell OLER, Appellee.**

**No. 5083.**

Court of Civil Appeals of Texas, Waco.

Dec. 30, 1971.

Rehearing Denied Jan. 27, 1972.

John Mustachio, Houston, for appellant.

Gayle E. Oler, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Brennan from $10,000. judgment against it in favor of plaintiff Oler, in a suit on a personal service contract; additional services; and attorneys fees.

Plaintiff Oler, a professional piano player sued defendant Brennan's Restaurant for $12,300 damages for breach by defendant of a contract to employ plaintiff for one year; $5000. as reasonable value of additional services rendered by plaintiff; and $5000. attorneys fees. Plaintiff alleged a written contract with defendant whereby plaintiff was to play the piano in defendant's restaurant from 8 to 12 each evening, Monday through Saturday for $300. per week, from December 28, 1969 to December 31, 1970; that defendant breached such contract, discontinued plaintiff's services on March 19, 1970, and paid plaintiff no money after March 21, 1970. Plaintiff further alleged he worked overtime extra hours and on Sundays for which he should be paid; and that he should be awarded attorneys fees.

Defendant answered by general denial; and prayed that any recovery by plaintiff should be reduced by such amounts as plaintiff earned at other employment after March 19, 1970.

Trial was to a jury which found:

1) On March 19, 1970 Brennan's did not have good cause for terminating the personal service contract dated December 11, 1969.

2) Plaintiff Oler sustained financial loss as a result of the termination of his contract.

3) Plaintiff was damaged by termination of his contract in the amount of $8500.

4) Plaintiff performed services for defendant in addition to those specified in his contract.

5) Such services were performed at the request of Brennan's owners or agents.

6) Brennan's did not agree to compensate plaintiff for such additional services.

8) $100. will compensate plaintiff for the additional services performed.

9) Plaintiff and defendant did not agree to any terms about the giving of specific advance notice by either party of a termination of the December 11, 1969 contract.

The trial court entered judgment on the verdict for plaintiff for $8600., plus $1400. attorneys fees.

Defendant appeals on 5 points contending the trial court erred in not granting a new trial because:

1) There is no evidence to support the finding of Issue 9 that there was no agreement between the parties as to premature termination of the contract.

2) Special Issues 9 and 10 fail to submit the ultimate issue regarding concellation of the contract.

3) The issue of fact "whether termination per se was to be permitted was not presented to the jury".

4) There was no finding that the contract was ambiguous regarding cancellation.

5) "The Best Evidence Rule applies and as a matter of law the contract speaking for itself, provides for cancellation albeit the exact manner of notice or even whether notice be required is not spelled out in the contract."

Plaintiff is a professional piano player; defendant is a restaurant. Plaintiff had contracted in writing to play for defendant several times. On December 11, 1969 plaintiff and defendant contracted in writing that plaintiff would play in defendant's restaurant Monday through Saturday 8 to 12 during the period December 28, 1969 to December 31, 1970, for $300. per week. The contract was on a printed form with dates and names filled in. The parties executed the contract in quadruplicate originals, one for plaintiff, one for defendant, and one for the musicians' union.

On March 19, 1970 at 2 P.M. defendant's manager decided to terminate plaintiff's employment, and advised plaintiff of this at 5 P.M. when he arrived at the restaurant. Decision to terminate plaintiff was not on account of anything plaintiff had done, but was because the restaurant was losing money.

Plaintiff thereafter filed this suit.

Defendant's point 1 asserts there is no evidence to support the finding to Issue 9, that there was no agreement between the parties as to premature cancellation of the contract.

The contract was executed in quadruplicate originals. Two of the originals were introduced in evidence. On one of the duplicate originals in evidence the following appears:

"This contract is for the period December 28, 1969 to December 31, 1970 subject to ____ weeks notice from either party to the other party."

On the other duplicate original in evidence "subject to ____ weeks notice from either party to the other party", is struck out by lines being drawn through same. The evidence is that by being struck out such provision is not applicable to the contract.

Defendant's agent testified it had a duplicate original of the contract in its possession. Plaintiff called on defendant in open court to produce such duplicate original but defendant did not do so.

■ The jury believed that the duplicate original with the line drawn through the notice provision was the contract entered into by the parties. There is ample evidence to support the jury's finding. Point 1 is overruled.

Defendant's points 2, 3 and 4 are not raised in defendant's Motion for new trial as required of Rules 324, 374, and 418(b), Texas Rules of Civil Procedure; cannot be considered by this court; and are overruled. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887.

Defendant's 5th point asserts the contract speaking for itself provides for cancellation. It is true that one of the duplicate originals in evidence did not have the cancellation provision struck out. The other duplicate original in evidence did have the cancellation provision struck out, and there is evidence that this was the contract between the parties. As noted defendant also had a duplicate original of the contract which it refused to produce in evidence. The jury's answer to Issue 9 resolved the question of what was the contract between the parties. Contention 5 is overruled.

Affirmed.