**FLESHER CONSTRUCTION COMPANY, INCORPORATED and Carter Management Co., Appellants,**

v.

**Coffee HAUERWAS, Appellee.**

**No. 18035.**

Court of Civil Appeals of Texas, Dallas.

Feb. 8, 1973.

William M. Mount, Reppeto, Berryman & Mount, Dallas, for appellants.

Gerry N. Wren, Tobolowsky, Schlinger & Blalock, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Coffee Hauerwas brought this action against Flesher Construction Company, Inc. (hereinafter called Flesher) and Carter Management Company (hereinafter called Carter) seeking to recover the balance allegedly due him upon an oral contract between the parties pursuant to which Hauerwas agreed to furnish and supervise all labor necessary to perform the masonry construction phase of a building being erected in Dallas by Flesher, as general contractor, for Carter, as owner. The case was tried before the court and a jury and submitted upon nineteen special issues all of which were answered favorably to Hauerwas. Final judgment was granted on April 20, 1972 awarding Hauerwas a judgment against Flesher and Carter, jointly and severally, for $12,844.98 together with attorney's fees of $4,281.66. It was also ordered that Flesher and Carter take nothing from Hauerwas by reason of the counterclaim asserted. From this judgment Flesher and Carter appeal.

## MOTION TO DISMISS FOR WANT OF JURISDICTION

At the outset we are confronted with appellee's motion to dismiss this appeal on the ground that this court lacks jurisdiction. Essential to the resolution of this question is the following statement of events set forth in chronological order:

The case proceeded to trial on January 31, 1972. The jury returned its verdict February 1, 1972. Hauerwas filed his motion for judgment on the verdict February 3, 1972. Flesher and Carter filed their motion for judgment *non obstante veredicto* on February 11, 1972. On March 10, 1972 the court signed and entered a judgment. On March 20, 1972 Flesher and Carter filed "Defendants' Motion for New Trial." On April 10, 1972 Flesher and Carter filed "Defendants' Amended Motion for New Trial." On April 20, 1972 the court rendered "Final Judgment" in which it was recited that the judgment dated March 10, 1972 was interlocutory in that disposition of all parties and actions was not therein made. The court then proceeded to enter a final judgment

"in lieu and substitution of and in all things in the place and stead of the above identified Judgment." On May 1, 1972 Flesher and Carter filed "Defendants' Amended Motion for New Trial" which was addressed to the judgment entered on March 10, 1972 "and the judgment entered on April 20, 1972." Thereafter on May 11, 1972 Flesher and Carter filed "Defendants' Amended Motion for New Trial" which was again addressed to the judgment entered on March 10, 1972 and the judgment entered on April 20, 1972. The trial court took no action on either motion. On June 23, 1972 Flesher and Carter filed their appeal and supersedeas bond and thereafter on August 23, 1972 filed a transcript of the appeal in this court.

Appellee contends that having filed their original and one amended motion for new trial prior to the entry of the final judgment on April 20, 1972 that appellants could legally only file one motion for new trial following the entry of such judgment so that the filing of the transcript in this court, pursuant to the rules, would have been required by August 14, 1972. Appellee concedes that if appellants had the right to file two motions for new trial after the entry of the final judgment that the appeal has been validly perfected by the filing of the transcript on August 23, 1972 which would have been within sixty days following the overruling of the second motion for new trial by operation of law forty-five days after the file date thereof. Appellee takes the position that the original motion for new trial and the first amended motion for new trial, having been filed prior to the rendition of the final judgment on April 20, 1972, should be treated as a motion filed pursuant to Rule 306c, Texas Rules of Civil Procedure. Under this contention they argue that such motion or motions could be considered as having been filed on April 20, 1972 following the entry of the final judgment and that, since Rule 329b, Tex.R.Civ.P., only allows one amended motion for new trial, we may not consider more than the first

motion filed after the entry of the final judgment.

■ We cannot agree with appellee's contention. Appellee candidly concedes that there was only one final judgment rendered by the court in this case and that was the one dated April 20, 1972. It is uncontroverted that the judgment dated March 10, 1972 was interlocutory in nature and therefore not a final judgment which was appealable. Accordingly, the original motion for new trial and the first amended motion for new trial, both filed after March 10, 1972 and both being addressed to the March 10 judgment, were not and cannot be considered prematurely filed motions pursuant to Rule 306c, Tex.R.Civ.P. The judgment dated April 20, 1972, being the only final judgment rendered by the court, was subject to be attacked by a motion for new trial and one amended motion for trial. This was accomplished by appellants although they erroneously styled the first motion for new trial attacking the April 20 judgment as "Defendants' Amended Motion for New Trial." We look to the substance rather than the form of the motion and conclude that such motion filed by appellants on May 1, 1972 constituted a timely filed original motion for new trial directed at the April 20 judgment and that the motion thereafter filed on May 11, 1972 was timely filed as an amended motion for new trial. The record was therefore filed in this court within proper time. Our conclusion in this matter is supported by the case of Dubert v. Adkins, 475 S.W. 2d 383 (Tex.Civ.App., Corpus Christi 1971, no writ). Appellee's motion to dismiss is overruled.

## OPINION ON THE MERITS

The record is undisputed that appellee Hauerwas orally agreed with Mr. Otis Flesher, president of Flesher, general contractor for Carter, that he would provide, pay for and supervise all of the labor necessary for the masonry construction of a building in Dallas which consisted of ap-

proximately 70,000 square feet. As a part of this agreement appellants agreed to pay appellee the cost of all labor plus 15 per cent of such labor cost to cover payroll expenses and also agreed to pay an additional 10 per cent of such labor cost as profit. Appellee submitted weekly time sheets to appellants' foreman as the work progressed and when the job was completed the total amount that had been claimed by appellee for labor plus the 15 and 10 per cent figures was the sum of $137,003.67. Appellee was paid this amount with the exception of $12,844.99 which is the subject matter of this litigation. During the progress of the work appellee placed his name on the time sheets as a bricklayer and such sheets demonstrate that appellee worked as a bricklayer for approximately the same number of hours per week as the other bricklayers. Appellee testified that in addition to actually doing bricklaying work he supervised the other employees on the job pursuant to his agreement with appellants. Appellants deny that they agreed to pay appellee for personal services other than for supervision. The jury found in answer to special issue No. 7 that appellee performed personal labor on the job as a masonry construction worker in addition to his duties as supervisor; (8) that officers and agents of Flesher knew that appellee was performing such labor on the job; (9) that such officers and agents knew that appellee expected to be paid for his personal labor; (10) that Flesher paid appellee for his personal labor on the job each time it was requested by appellee from the start of the masonry work in September, 1970 until approximately April of 1971; (11) that Flesher did not voice any objection to plaintiff's performing such personal labor on the job and receiving wages therefor until after the job was finished, or substantially so; (12) that an officer of Flesher stated to appellee that if appellee would complete the job without asking for weekly payments as required under the oral agreement he would pay plaintiff in full at the end of the job; (13) that appellee believed and relied on such statements;

(14) that appellee would not have completed the masonry work on the building without additional payments but for the promise of Flesher as above found; (15) that Hauerwas actually worked, as a bricklayer, the number of hours listed on the time sheets in evidence. The jury found in answer to special issue No. 6 that the sum of $12,844.98 would compensate appellee for the balance due him on the masonry construction work. The jury also found, in answer to special issue 19, that the sum of $4,281.66 would reasonably compensate appellee for attorney's fees incurred in the prosecution of the suit.

In their first four points of error appellants complain of the action of the trial court in overruling their motion for judgment *non obstante veredicto* and in refusing to grant their motion for new trial. Points 1 and 4, being *"non obstante veredicto"* points, base their objection on the "overwhelming weight of the evidence." Points 2 and 3 complain of the court's overruling the motion for new trial "in that the verdict of the jury was so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust" and "there was no evidence or insufficient evidence to support the finding of the jury that Appellee was in any manner misled by the conduct of Appellants' conduct to his detriment." Appellee objects to our consideration of these points because said points do not comply with briefing rules. It is, of course, true that any attack upon the action of the trial court in overruling a motion for judgment *non obstante veredicto* must, of necessity, constitute a "no evidence" point as opposed to an "insufficiency of the evidence" point. To sustain a judgment notwithstanding the verdict, the reviewing court must determine that there was "no evidence" of probative force on which the jury could have made its findings. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (1952); Shelton v. Belknap, 155 Tex. 37, 282 S.W.2d 682 (1955); and Shelton v. Ector, 364 S.W.2d 425 (Tex.Civ.App., Dallas 1963). Further-

more, each of appellants' first four points of error is too general, multifarious and fails to refer to the action of the trial court in such a way that the points of objection can be clearly identified. Rules 321, 322 and 374, Tex.R.Civ.P; Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960). Appellants' first point of error is said to be germane to the first three paragraphs of the amended motion for new trial. When we look to these paragraphs we see that they complain of the submission of special issues 3, 4, 5, 6 and 7 on the basis of no evidence, insufficient evidence, and great weight and preponderance of the evidence. Thus the point is multifarious and general.

In view of our long-standing policy of liberal construction of the briefing rules and in an effort to determine from the entire contents of appellants' brief the exact nature of the complaint or complaints set forth, we have carefully reviewed the statement, argument and authorities set forth under appellants' first four points of error and conclude that three complaints are advanced: (1) that the "overwhelming weight" of the evidence shows that it would have been impossible for appellee to have supervised the construction work and also to have labored as a bricklayer for the number of hours he claimed; (2) that the "overwhelming weight" of the evidence shows that appellee was compensated for his services as agreed or was tendered compensation therefor; and (3) that there was "no evidence" or "insufficient evidence" to support the finding of the jury that appellee was in any manner misled by appellants' conduct to his detriment. We have carefully examined the record in the light of these contentions and find that they cannot be sustained.

■ As to the first contention we find that appellee testified that it was customary for the contractor to not only supervise the work but to perform actual work himself and that on this particular job he did just that. He stated that it was not only possible but that he actually did perform bricklaying work and supervised the work of others on the job. Mr. Pfeffer, an employee of Flesher, and the superintendent in charge of the whole project, testified that he observed appellee doing brick mason work on the job and that he also supervised his personnel in the work being done. Such testimony is more than adequate to support the answers of the jury to the issues submitted.

■ As to the second contention that appellee was compensated "as agreed" we find the testimony of appellee who said that the unpaid indebtedness due him by Flesher was $12,844.99. Otis Flesher, president of Flesher, testified that he offered Hauerwas a check for $3,000 as "the balance due under the contract" which was refused by appellee. Such testimony creates an issue of fact and was sufficient for the jury to consider in arriving at its verdict.

■ As to the third contention we find ample evidence to support the finding of the jury in response to special issues 8 through 14 concerning appellee's reliance upon statements and conduct on the part of appellant Flesher. There is abundant evidence from appellants' witnesses that appellants knew that Hauerwas was performing personal labor on the job and that he was making claim in the various time sheets submitted. Mr. Flesher himself testified that even after he discovered that Hauerwas was performing personal labor and getting paid therefor he allowed him to continue and did not tell him to stop. The record is silent with respect to any objection being made by Flesher concerning Hauerwas performing personal labor on the job and receiving wages therefor.

Giving appellants the benefit of every doubt concerning the meaning of their various points of error we find the same to be without merit and overrule them.

In their points 5, 6 and 7 appellants say that the court erred in submitting special issue No. 19 to the jury in that there was

no evidence that the contract between appellants and appellee contemplated attorney's fees; that the trial court erred in not granting appellants' motion for judgment *non obstante veredicto* and their motion for new trial in that there was no evidence or insufficient evidence to support the jury's award of attorney's fees; and that the trial court erred in refusing to grant appellants' motion for new trial in that the jury's award of attorney's fees was grossly excessive.

Again, these points of error are general, multifarious, and not in compliance with briefing rules. However, we have, as we did before, carefully examined the statement under such points in an effort to determine the real thrust of the objection advanced by appellants.

At the outset it must be observed that appellants filed no pleadings or special defenses directed against the claim of attorney's fees. The only evidence introduced concerning attorney's fees was offered by appellee. In this regard he testified concerning the services rendered and labor done by him; that he submitted his claims to appellants for payment more than thirty days before suit was filed; that appellants refused to pay his claims; that he employed an attorney to represent him in the suit; that he agreed to pay a reasonable fee. There was evidence that the attorneys for appellee performed 111.7 hours of work and that the State Bar of Texas fee schedule justified them in asking for $40 per hour for their services.

The *"non obstante veredicto"* point is obviously without merit because, as stated heretofore, such is a "no evidence" point and since there is ample evidence of probative value to the effect that appellee actually performed work and labor as well as evidence concerning the reasonableness of attorney's fees, such point is without merit. Pursuant to art. 2226, Tex.Rev.Civ.Stat. Ann., and the opinion of the Supreme Court in Tenneco Oil Co. v. Padre Drilling Co., 453 S.W.2d 814 (Tex.Sup.1970), appellee Hauerwas, an individual, who performed labor and services and who obtained a judgment for any amount thereof, is entitled also to recover a reasonable amount as attorney's fees. The statute expressly provides that "The amount prescribed in the current State Bar Minimum Fee Schedule shall be prima facie evidence of reasonable attorney's fees."

 The record is undisputed that appellee furnished labor and services to appellants which the jury found, based upon evidence, to be valued at $12,844.98. Appellee's claim was presented more than thirty days before the suit was filed and upon refusal appellee employed an attorney and did obtain a judgment. Thus the statutory requirements have been complied with. Appellants' contention that the amount of the fee is excessive obviously cannot be sustained.

We have carefully examined all of appellants' points of error and overrule same.

The judgment of the trial court is affirmed.