Joseph J. REY, Sr., Appellant,

v.

The STATE of Texas, Appellee.

No. 6366.

Court of Civil Appeals of Texas, El Paso.

June 12, 1974.

Rehearing Denied July 17, 1974.

Emmett Colvin, Jr., Lawrence B. Mitchell, Dallas, Albert Armendariz, Sr., El Paso, for appellant.

Sam Sparks, Robert B. Zaboroski, Dick Stengel, Texas S. Ward, El Paso, Davis Grant, Austin, for appellee.

## OPINION

OSBORN, Justice.

This appeal is from a judgment in a disbarment proceeding in which the Appellant's license to practice law was suspended for three years. The complaint charged the Appellant with fraudulent and dishonorable conduct under Article XII, Section 8, of the State Bar Rules, and with violation of Article XIII, Canon of Ethics No. 34, with respect to Confidences of a Client. The jury found in answer to Special Issue No. 1 that Appellant obtained $500.00 from a client on the representation that the money was needed to buy a gift for either the Judge or an Assistant District Attorney. They also found that Appellant testified before a Grand Jury regarding a criminal case involving his client, David Ordunez; that on such occasion he told the Grand Jury his client had admitted his guilt to criminal charges; and further that he did not have the consent of David Ordunez to relate this information to the Grand Jury. Judgment was entered against Appellant based on these findings. We affirm, and note that all of the acts complained about occurred prior to the adoption of the Code of Professional Responsibility on December 20, 1971.

While David Ordunez was in jail in El Paso in March, 1971, charged with several criminal offenses, his father, Frank Ordunez, contacted the Appellant, Joseph J. Rey, Sr., an El Paso attorney, to represent his son. According to Appellant, the immediate concern was to have the son released on bail. Appellant worked out an agreement with the Assistant District Attorney handling this case whereby Mr. Rey would go before the Grand Jury and testify that David Ordunez had admitted to him that he committed one of the offenses, so an indictment could be returned, and it was further agreed that the other charges would be dismissed and David Ordunez would enter a guilty plea with a recommendation from the Assistant District Attorney that he receive a five-year probated sentence. Appellant did in fact appear before the Grand Jury, his client was indicted, he pled guilty to receiving and concealing stolen property and received a five-year probated sentence. But the other charges were not dismissed, as had been agreed upon, and David Ordunez was returned to jail rather than being released as had been expected. He was subsequently released on bail on the remaining charge of burglary, and it was agreed that his guilty plea on receiving and concealing stolen property would be withdrawn, the judgment and sentence set aside and he would be actually tried before a jury on the burglary charge against him.

Frank Ordunez had paid Appellant $350.00 when they first discussed his representing the son. Appellant contended that amount was ten percent of the $3,500.00 bonds required for the boy's release and was to be used as a payment for bail bonds. After the guilty plea another $75.00 was paid to cover a $750.00 bond on the burglary charge. While the son was out on that bond, Frank Ordunez said he was told by Appellant that he, Mr. Ordunez, would have to bring the attorney another $500.00 which was to be used to buy a present for the Judge, and that would take care of everything. That amount was also paid by Mr. Ordunez. Subsequently, he received a bill for $1,000.00 from Appellant which was to cover his services in representing the son on the existing burglary charge. At that time, Mr. Ordunez went to the Grievance Committee with his complaint about the Appellant's conduct in the case against his son.

About the same time, the Court appointed another attorney to represent David Ordunez on the remaining criminal charge.

This attorney was subsequently retained by Mr. Ordunez and he was able to get the burglary charge dismissed based on the original agreement first made by the Assistant District Attorney, and the original plea of guilty on the charge of receiving and concealing stolen property was never set aside.

Thereafter, the Grievance Committee considered the complaint of Mr. Ordunez and subsequently voted to file the disbarment proceeding against Appellant. At the request of the Grievance Committee, Appellant in May, 1972, made a refund on the $350.00 he had received in March, 1971.

Upon trial of the case, Appellant testified that he went before the Grand Jury on April 8, 1971, as attorney for David Ordunez and was asked by the Foreman if his client had admitted to him that he had received stolen merchandise to which Appellant said: "Yes." The indictment was then returned and the guilty plea entered. Appellant said this was all done so David Ordunez could get probation and be released from jail immediately because the Assistant District Attorney was having difficulty getting witnesses before the Grand Jury so an indictment could be returned. With regard to his appearance before the Grand Jury, he testified as follows:

"Q My question is, did you ever tell him (David Ordunez) that you wanted to go in front of the Grand Jury and testify as to his guilt?

A I never asked his permission to go, no sir, specifically. He told me I could do whatever I needed to do to get him out of this trouble."

In this same regard, David Ordunez testified as follows:

"Q Now, before the day that you went and pled guilty in the 34th District Court, did you ever consent to Mr. Rey or authorize Mr. Rey to go before a Grand Jury and assist in ob-

taining a formal charge against you?

* * * * * *

A I never heard Mr. Rey say anything about a Grand Jury when he went to interview.

Q Did Mr. Rey ever ask you for permission or consent to tell other people what you told him?

A No, sir.

Q Did you ever give him permission or consent, your consent for him to tell other people what you told him with regard to the burglary charge?

A No, sir."

Concerning the fee arrangement, Appellant testifed that the original $350.00 payment was to be used to make bail but that it was not used for that purpose in view of the subsequent developments after the entry of the guilty plea. He said after the Assistant District Attorney refused to dismiss the burglary charge that he told Mr. Ordunez that his fee to defend David on that charge would be $1,500.00, $500.00 of which he said was paid in December and then the balance of $1,000.00 was billed subsequently. Mr. Rey also testified that when the $500.00 was discussed he did sarcastically say he wanted the money to buy the Assistant District Attorney a going-away present.

By his first point of error, Appellant complains of the trial Court's failure to dismiss Count One of the complaint because it failed to inform him of the Canon of Ethics he had allegedly violated as required by Article XII, Section 24, State Bar Rules. Count One clearly alleged that on or about December 9, 1971, Appellant while acting as attorney for David Ordunez in a pending criminal case stated to Frank Ordunez that he needed $500.00 to buy a present for the Judge, and that this was fraudulent and dishonorable conduct

under Article XII, Section 8, of the State Bar Rules. This Count defined the specific conduct alleged to be fraudulent and dishonorable under Section 8(a). The Appellant's contention with regard to Section 8(b) is not valid since Count One only pertained to conduct prohibited by Section 8(a). The first point is overruled.

The next three points complain of the trial Court's failure to give an explanatory charge on the terms, "dishonorable conduct," "fraudulent conduct" and "willful." None of the Appellant's points of error are shown to be germane to a particular assignment of error in the amended motion for new trial as required by Rule 418, Texas Rules Civil Procedure. Paragraph XIII of that motion recites that the trial Court erred in denying each instruction and special issue requested by defendant in writing, and purports to incorporate each instruction and special issue requested by reference. In Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960), the Court said:

"An assignment of error in a motion for new trial which merely directs the trial judge to scan all of a party's objections to the charge of the court is legally insufficient to require or to justify consideration of a point of error based thereon."

Even if the assignment were sufficient, the points could not be sustained. The words Appellant requested the trial Court to define and explain were not used in the charge and were not a part of any special issue. If they had been used, they were all words readily understood by the average person. Thus they would not require a technical legal definition in order for the jury to be able to understand them and give them meaning in arriving at their verdict. Lemon v. Walker, 482 S.W.2d 713 (Tex.Civ.App.—Amarillo 1972, no writ); Metal Structures Corporation v. Plains Textiles, Inc., 470 S.W.2d 93 (Tex.Civ. App.—Amarillo 1971, writ ref'd n. r. e.). Points 2, 3 and 4 are overruled.

Appellant next complains that the trial Court erred in overruling objections to testimony of witnesses that they had never heard of any other lawyer testifying before a Grand Jury. This point has not been properly preserved in the amended motion for new trial. Wagner v. Foster, supra. In any event such testimony was not error, because the real issue was not whether another attorney would testify before a Grand Jury concerning his client's admissions, but whether he would do so without the client's consent in violation of Canon of Ethics No. 34. The fifth point of error is overruled.

Appellant next complains of error of the trial Court in permitting his impeachment by proof of a particular act of misconduct. The Appellant himself, rather than his counsel, made the opening statement to the jury. In that statement, he said: "I tell you now that I have been practicing twenty-five years, and I have never violated willfully any of the Canons of Ethics." While Appellant was testifying as a witness, he was asked if that statement which he had made to the jury in the opening statement was true or not. After an objection was overruled, Appellant repeated his statement that he had never knowingly or willfully violated a Canon of Ethics. The attorney for the State then offered in evidence a certified copy of a final judgment entered April 6, 1954, finding Appellant guilty of professional misconduct and suspending him from the practice of law for thirty days.

Undoubtedly the prior judgment would not have been admissible had the Appellant not opened the door for such proof by his opening statement to the jury. The Courts have held that where one testified that he had never been convicted of a felony, it was proper for the prosecutor to pursue the matter in cross-examination based on evidence available to him. Kerrigan v. State, 167 Tex.Cr.R. 601, 321 S.W.2d 884 (1959). Likewise the Courts of this State have uniformly held that when one injects an improper issue into a lawsuit he cannot

be heard to complain when his testimony is rebutted by other improper evidence. Royal v. Cameron, 382 S.W.2d 335 (Tex.Civ. App.—Tyler 1964, writ ref'd n. r. e.).

In any event since the Court instructed the jury that such evidence was admitted only for the purpose of impeachment and not as evidence of any wrongdoing on the part of Appellant, and since there was evidence to support all of the jury findings, we conclude that any error in the trial Court's ruling was not reasonably calculated to cause and did not probably cause the rendition of an improper judgment. Rule 434, Tex.R.Civ.P.; Royal v. Cameron, supra. Point of error number 6 is overruled.

■ Point of error number 7 complains of the failure of the trial Court to submit a requested instruction in connection with Special Issue No. 1 to the effect that the jury before answering in the affirmative had to find that the words were spoken, and that they were spoken with a corrupt motive and not from inadvertence or some justifiable cause. Points of error number 8, 9 and 10 complain of the trial Court's failure to submit requested special issues which inquired if Joseph J. Rey, Sr. acted in good faith in his dealings with David Ordunez, and with Frank Ordunez, and whether the statement regarding a gift was willfully and seriously made with intent to defraud Frank Ordunez of $500.00. In Appellant's brief none of these points are recited as being germane to any particular assignment of error in the amended motion for new trial as required by Rule 418, Tex.R.Civ.P. As heretofore stated, the general assignment of Paragraph XIII in the amended motion for new trial was not sufficient to properly call the alleged error to the attention of the trial Court. Wagner v. Foster, supra. These points of error are overruled.

■ Points of error 11 and 12 complain that there is insufficient evidence to support the verdict as to both Count One and Count Two of the complaint. We have previously summarized the evidence on the basic issues in this case. We believe that when all of the evidence is considered that there was sufficient evidence to support each answer made by the jury. Although it may have been conflicting in some respects, particularly with regard to what Appellant testified was his intent on the occasions in question, it was for the jury to decide the issues in dispute and to resolve any conflicts in the evidence. Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547 (1962). Points of error 11 and 12 are overruled.

■ By his last point, Appellant complains of the failure of the trial Court to dismiss the complaint because the Bar Grievance Committee failed to follow required rules of procedure in the filing of said complaint. Basically, the contention is that the Committee failed to follow Roberts' Rules of Order in voting to file the complaint against Appellant because some members of the Grievance Committee, who had been recently appointed and did not hear the evidence, abstained when the vote was taken, although all of those voting favored filing the complaint. It is contended that because of the members who abstained, there was not a two-thirds vote of those present who voted in favor of the complaint. Appellant relies upon Article VIII, Section 7, of the State Bar Rules. This article applies only to annual and special meetings of the State Bar of Texas. It has no reference to the conduct of Grievance Committees which are governed by Article XII. We believe the Committee acted properly under the circumstances. This point is overruled.

The judgment of the trial Court is affirmed.