**The MELNICK–SCHRIRO COMPANY, INC., Appellant,**

v.

**Johnie MANESS, Appellee.**

No. 18401.

Court of Civil Appeals of Texas, Dallas.

Dec. 19, 1974.

Rehearing Denied Jan. 9, 1975.

Jay M. Goltz, Dallas, for appellant.

Pat McDowell, Maloney, Milner & McDowell, Dallas, for appellee.

BATEMAN, Justice.

Our former opinion is withdrawn and the following substituted therefor.

The Melnick-Schriro Company, Inc., appellant, was the general contractor, and appellee Johnie Maness was the subcontractor for dry-wall treatment, painting and caulking, on a large apartment project in Albuquerque, New Mexico. Appellant sued appellee for damages alleging that appellee had breached the subcontract by failing to complete it. Appellee filed a general denial and alleged that his delay in performing the subcontract was caused by acts of appellant. He also filed a counterclaim for extra work he had performed. The jury verdict was favorable to appellee, both as to appellant's cause of action and the counterclaim. Judgment was rendered on the

verdict and appellant appeals on four points of error. We affirm.

◼ Appellant asserts in its first point of error:

Appellant's uncontradicted clear, direct and positive evidence as to its necessity to complete the subcontract and the cost thereof entitles it to judgment as a matter of law.

This is a "no evidence" point which cannot be sustained if there was any evidence of probative value to the contrary. This point of error does not raise the question of whether appellee had breached his subcontract. But even if it could be construed to submit the question of breach there was ample, competent evidence to support appellee's position that his admitted failure to complete was not a breach of the contract because appellant had failed to make payments to which he was entitled under the contract and for "extras" performed by him at appellant's request. Therefore, fact issues were raised and appellant was not entitled to a judgment as a matter of law.

◼ Moreover, this ground of recovery was never presented to the trial court in appellant's motion for judgment notwithstanding the verdict or otherwise. It cannot be asserted for the first time on appeal. Texas Rules of Civil Procedure, rule 374; J. Weingarten, Inc. v. Moore, 449 S. W.2d 452, 453 (Tex.1970); Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887, 891 (1960).

For the reasons stated, appellant's first point of error is overruled.

In its second point of error appellant assails the judgment for appellee on his counterclaim on the ground that, although appellee alleged an implied contract under which appellant would pay the reasonable, fair, and customary price for the materials and labor furnished by appellee in performing the extra work, there was testimony that the amount to be paid for several of the items was agreed upon in advance.

Appellant argues that appellee was permitted to recover on an express contract whereas he sued on an implied contract, and that, therefore, there was no evidence to support the judgment.

◼ We do not think appellee is in the position of suing on one type of contract and recovering on another. It is true that appellee alleged that the prices charged for the items of the account represented the "reasonable, fair and customary price" thereof. The fact that appellant's superintendent and appellee may have agreed on certain unit prices for the extra work is not at variance with the pleading; on the contrary, it tends to give credence to appellee's position as to the reasonableness of those items.

The jury found, in response to special issues six through nine that appellant requested the extra work and agreed to pay appellee therefor; that appellee performed the work so requested, and that the reasonable and necessary cost thereof was $25,000. Appellant made no objection to the submission of such issues. The findings are supported by ample evidence and clearly entitled to appellee to the judgment rendered on his counterclaim.

Appellant's second point is overruled.

◼ By its third and fourth points appellant complains of the admission into evidence of appellee's exhibit number eleven as being "an altered document that was not properly authenticated," and as constituting "a material variance from the pleadings of appellee." These points are overruled. The exhibit was identified or "authenticated" and the alterations explained by appellee's testimony. This was a list of several items of "extras." Certain amounts opposite the items were stricken through with a pen and different amounts written in over them. The list was marked "O.K.," followed by the initials of appellant's superintendent. Appellee explained in his testimony that the changes of the amounts of unit prices resulted from his negotiations with

the superintendent. Moreover, as we have above held in disposing of the second point of error, we find no variance between this exhibit and appellee's pleadings. Therefore, points three and four are overruled.

The judgment appealed from is affirmed.